NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2014[*]
Decided February 24, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1979

RAYMOND EVANS,
     *Plaintiff-Appellant,*

    *v.*

RICHARD HEIDORN, *et al.*,
     *Defendants-Appellees.*

Appeal from the United States District
Court for the Eastern District of Wisconsin.

No. 10-CV-804-JPS

J.P. Stadtmueller,
*Judge.*

**O R D E R**

Raymond Evans hurt his back when he fell on a stairway at the jail in
Sauk County, Wisconsin, where he was a pretrial detainee. This civil-rights action arises
from that fall and from his later demands to be treated for back pain at a state prison
after he was convicted on the pending charges. The district court dismissed some of his

---

[*]After examining the briefs and the record, we have concluded that oral
argument is unnecessary. Thus, the appeal is submitted on the briefs and the record.
*See* FED. R. APP. P. 34(a)(2)(C).

claims at screening, granted summary judgment for the defendants on the remaining claims, and dismissed the suit with prejudice in its entirety. We view the facts in the light most favorable to Evans and construe any factual disputes in his favor. We affirm the district court's decision.

Evans tripped on the stairs in January 2007 and attributes his fall to jail-issued pants that were too long but he was forbidden to roll up. He did not bring this lawsuit until September 2010, however, and initially he claimed only that members of the medical staff at Green Bay Correctional Institution were refusing to treat his lower back pain because he wouldn't authorize the $7.50 copayment for infirmary visits. *See* WIS. STAT. § 302.38(1); WIS. ADMIN. CODE DOC § 316.04(3). At screening the district court permitted this claim to proceed because Evans alleged that he lacked funds for a copayment, but at summary judgment the defendants submitted his deposition testimony and other undisputed evidence showing that allegation to be false. Not only did Evans have funds available in his prison trust account, but on each of the three occasions when the defendants "refused" him treatment, Evans in fact had been scheduled for an infirmary visit but canceled the appointment after learning that the copayment would not be waived. Thus his claim of deliberate indifference to a serious medical condition was frivolous, *see Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012), and we need not say more about it.

The remainder of Evans's lawsuit concerns his slip-and-fall in Sauk County and its immediate aftermath. Almost a year after Evans filed suit against the Green Bay defendants, the district court permitted him to add new claims against the sheriff of Sauk County and numerous jail guards. He claimed that the sheriff violated his constitutional rights by providing all detainees pants of the same length and by failing to train guards at the jail to handle medical emergencies. Evans, who fell around 8 p.m., also alleged that the guards who found him on the stairway were deliberately indifferent to his back injury; the guards moved Evans by wheelchair to an observation cell where a nurse examined him and a doctor saw him the next morning, but Evans insists that the guards should have placed him on a backboard, immobilized his neck in a brace, and waited for a medical professional to arrive before moving him. Evans further asserted that the guards should have carried his meals to his bed and provided a urine bottle so that he could avoid walking around the cell during the three days he was under observation before being transferred to a jail in a different county.[1]

---

[1]Sauk County is in the Western District of Wisconsin, where previously Evans

(continued...)

The district court screened Evans's amended complaint, *see* 28 U.S.C. § 1915A, and although the screening order is not explicit, the judge later explained at summary judgment that he had permitted Evans to proceed only with his claims concerning the guards' conduct in attending to him on the stairs and afterward in the observation cell. The court elaborated that providing pants of uniform length to every prisoner is not punishment and therefore Evans's right to due process as a pretrial detainee was not violated as a result of the jail's policy. Moreover, the court continued, it was now apparent from the undisputed evidence that the guards had consulted a nurse before moving Evans off the stairs and, accordingly, "[n]o policy or training regarding the treatment of medical emergencies came into play, other than calling a medical professional for guidance." And training aside, the court added, the guards' reliance on the nurse also defeated Evans's underlying premise that they were callous in using a wheelchair to move him. On appeal Evans ignores the court's discussion concerning the guards' training and their use of the wheelchair. Accordingly, he has waived any appellate argument about that analysis. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 544 (7th Cir. 2012); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 651–52 (7th Cir. 2011). Evans does mention his claim about the pants but only in a reply brief, which is too late. *See George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 790 (7th Cir. 2011); *United States v. Lupton*, 620 F.3d 790, 807 (7th Cir. 2010).

That leaves for review only Evans's contention that the district court erred in granting summary judgment on his claim that the jail guards were deliberately indifferent to his back injury after he was moved to the observation cell. The district court rejected the guards' affirmative defense that Evans had failed to exhaust his administrative remedies before suing, *see* 42 U.S.C. § 1997e(a), but the court agreed with the defendants that Evans lacked evidence from which a jury reasonably could find deliberate indifference. As a pretrial detainee, Evans was entitled under the Fourteenth Amendment to no less protection against deliberate indifference to his basic needs than the Eighth Amendment affords convicted prisoners. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007); *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003). Under this

---

[1](...continued)
had filed and lost a civil-rights suit against the sheriff and doctor based on these same events. *See Evans v. Sauk Cnty. Sheriff*, No. 07-C-328-C (W.D. Wis. Oct. 1, 2007) (dismissing suit with prejudice for failure to state a claim). In defending against Evans's amended complaint, however, the Sauk County defendants later abandoned the preclusion defense asserted in their answer and did not protest being joined in the same action with the state defendants.

standard Evans had the burden of producing evidence showing that he suffered from an objectively serious medical condition to which the defendants were deliberately indifferent. *See Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

We agree with the district court's assessment of the merits. (The guards assert that we also could sustain the dismissal—with prejudice—on the alternative ground of failure to exhaust, but that affirmative defense leads to dismissal *without* prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).) The undisputed facts are straightforward. The morning after Evans fell, the examining physician (who is not a defendant in this action) diagnosed him with "musculoskeletal pain/contusion" and prescribed pain medication. Evans asked the physician to prescribe use of a urine bottle and to direct that the guards place his meal trays within reach, but the doctor refused, explaining that moving around his cell to loosen his back muscles would be therapeutic. As a result, Evans maintains, he had to crawl from his bed to the cell door to retrieve his meals, and he was forced to urinate into a floor drain because he could not walk to the cell's urinal. Evans admits, though, that he cannot recall asking any guard to supply a urine bottle or to bring him a meal tray after the doctor's examination; in fact, in responding to their motion for summary judgment, Evans expressly agreed with the guards' assertion that they had followed the doctor's orders. *See Arnett*, 658 F.3d at 755; *Hayes v. Snyder*, 546 F.3d 516, 527–28 (7th Cir. 2008). The guards did help Evans shower, he concedes, and though jail records show that they checked on him several times each hour, there is no evidence (not even testimony from Evans) that he complained of being in pain or unable to walk, or that he asked a defendant to summon the doctor or nurse. Nor is there evidence that any of the defendants saw him crawling to his food or urinating in the floor drain during his three days in the observation cell. In short, this evidence compels the result reached by the district court.

AFFIRMED.